Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
Shao Cong Yu,
individually and on behalf of all other employees
similarly situated,

              Civil Action No.

      Plaintiffs,
  v.

              **COMPLAINT**

Ollies44 LLC d/b/a Ollie's To Go,
2425 Broadway LLC d/b/a Ollie's To Go,
Ollies 111 LLC d/b/a Ollie's Noodle Shop & Grille,
Ollie 42ND LLC d/b/a Ollies
Tsu Yue Wang, and
"Dalao" Liang,
      Defendants.
-------------------------------------------------------------x

Plaintiff, Shao Cong Yu, by his undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action against the defendants Ollies44 LLC d/b/a Ollie's To Go, 2425 Broadway LLC d/b/a Ollie's To Go, Ollies 111 LLC d/b/a Ollie's Noodle Shop & Grille, Ollie 42ND LLC d/b/a Ollies Tsu Yue Wang, "Dalao" Liang, (hereinafter, collectively, "Defendants") to recover damages, he is: (i) entitled to unpaid wages from Defendants for work performed for which they received no compensation at all or less compensation then required by minimum wage law; (ii) unpaid wages for overtime work for which they did not receive

overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29 U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff Shao Cong Yu ("Yu") is an individual resident of the City and State of New York, with a residence located in New York.

7. Upon information and belief Defendant Ollies44 LLC d/b/a Ollie's To Go ("307 Ollie") is a domestic limited liability corporation located at 307 E 77TH ST, NEW YORK, NY 10075.

8. Upon information and belief Defendant 2425 Broadway LLC d/b/a Ollie's To Go ("2425 Ollie") is a domestic limited liability corporation located at 2425 BROADWAY FL 1, NEW YORK, NY 10024.

9. Upon information and belief Defendant Ollies 111 LLC d/b/a Ollie's Noodle Shop & Grille ("2705 Ollie") is a domestic limited liability corporation located at 2705 BROADWAY, NEW YORK, NY 10025.

10. Upon information and belief Defendant Ollie 42ND LLC d/b/a Ollies ("411 Ollie") is a domestic limited liability corporation located at 411 WEST 42 STREET, NEW YORK, NY 10036.

11. Ollies44 LLC, 2425 Broadway LLC, Ollies 111 LLC, and Ollie 42ND LLC all operate as a chain of Chinese restaurants doing business under variations on the name Ollie (hereinafter collectively referred to as "Ollie Restaurants")

12. Upon information and belief Defendant Tsu Yue Wang ("Wang") is an individual who is an owner and/or part owner of the Ollie Restaurants.

13. Upon information and belief at all relevant times herein, Ollie Restaurants, were, and continues to be, single and joint employer and have had a high degree of interrelated and unified operation, and shares common management, centralized control of labor relations, common ownership, common control, common business purposes and interrelated business goals.

14. At all relevant times, the Ollie Restaurants share a common website for their restaurants.

15. At all relevant times, the Ollie Restaurants common website allows for orders to be placed, and/or reservations to be made at any and/or all of the Ollie Restaurants.

16. At all relevant times, Defendant Wang is identified as the Principal of the Ollie Restaurant on each location's liquor license.

17. At all relevant times, the Ollie Restaurants share a common address for service of process, said address being 131-58 MAPLE AVENUE, FLUSHING, NY, United States, 11355.

18. Upon information and belief 131-58 MAPLE AVENUE, FLUSHING, NY, United States, 11355 is owned by 209 Management LTD., and 209 Management LTD is also owned and/or controlled by Defendant Wang.

19. Upon information and belief Defendant Wang signed the mortgage for 131-58 MAPLE AVENUE, FLUSHING, NY, United States, 11355 on behalf of 209 Management LTD as its President and as its Guarantor.

20. At all relevant times, the Ollie Restaurants, both individually and collectively, have been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21. At all relevant times, the Ollie Restaurants, both individually and collectively, have had gross revenues in excess of $500,000.00.

22. Upon information and belief, at relevant times herein, the Ollie Restaurants, both individually and collectively, have used goods and materials produced in

interstate commerce, and has employed at least two individuals who handled such goods and materials.

23. Upon information and belief, at relevant times, the Ollie Restaurants, both individually and collectively, have constituted an "enterprise" as defined in the FLSA.

24. The Ollie Restaurants were an employer of Plaintiff.

25. Upon information and belief Defendant Wang is an individual who is an owner or part owner, manager, and principal of the Ollie Restaurants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

26. Upon information and belief, defendant Wang was involved in the day-to-day operations of the Ollie Restaurants and played an active role in managing the business.

27. Upon information and belief Defendant "Dalao" Liang, ("Liang") is an individual who is a manager of the Ollie Restaurants, who has the power to manage employees, direct employees in their employment, hire and fire employees, set wages and schedules, and maintain their records.

28. Upon information and belief, defendant Liang was involved in the day-to-day operations of defendant the Ollie Restaurants and played an active role in managing the business.

29. Defendants are employers within the meaning of the FLSA and New York Labor Law.

30. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

31. Defendant Ollie Restaurants are a chain of Chinese restaurants.

32. Plaintiff Yu was employed primarily as an assistant chef/cook whose primary tasks consisted of making/cooking noodles and chopping meats for use in the foods prepared and served at the restaurant.

33. Plaintiff's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities

34. Plaintiff Yu was employed by Defendants from approximately 2011 to April 11, 2021.

35. During the course of Yu's employment for the Defendants, Yu worked at the 307 E 77TH ST, NEW YORK, NY 10075 and the 2425 BROADWAY FL 1, NEW YORK, NY 10024 locations.

36. Plaintiff Yu began his employment at the 2425 BROADWAY FL 1, NEW YORK, NY 10024 location.

37. When the 307 E 77TH ST, NEW YORK, NY 10075 location first opened, Plaintiff Yu was transferred there and worked at this location for approximately 6 months before being transferred back to 2425 BROADWAY FL 1, NEW YORK, NY 10024.

38. Plaintiff Yu was normally scheduled to work six (6) days per week, Tuesday to Sunday, from approximately 10:30am to 9pm, with a single half-hour break from approximately 2:30pm to 3pm, for a total of approximately 60 hours per week.

39. Plaintiff Yu often worked longer hours than he was scheduled, usually working well after 9pm multiple days per week.

40. Plaintiff Yu was paid once per week on Fridays.

41. Plaintiff Yu was paid a flat fee for each week he worked, regardless of the amount of time he worked that week.

42. Plaintiff Yu's flat fee wages increased during the approximately 10+ years he worked for the Defendants, from around $450 per week when he started to around $643 per week at the end of his employment.

43. Plaintiff Zhang was paid in cash and check.

44. When Defendants started paying Plaintiff partially by check, Plaintiff would receive inaccurate paystubs that did not accurately reflect the hours Plaintiff worked, the money Plaintiff received, or Plaintiff's rate of pay.

45. Defendants did not pay Plaintiff minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

46. Defendants' failure to pay Plaintiff an amount at least equal to the Federal or New York State minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

47. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

48. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

49. Defendants did not provide Plaintiff with proper wage stubs of hiring statements as required by law.

50. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

51. Defendants failed to provide Plaintiff with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

52. Upon information and belief, while Defendants employed Plaintiffs, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

53. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

55. Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

56. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

57. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

58. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

59. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61. Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

62. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

63. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

66. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours he worked in excess of forty hours per workweek.

67. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

70. Plaintiff repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, Plaintiff were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. Defendants willfully violated Plaintiff's rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

73. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

74. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## COUNT V

**(New York Labor Law – Spread of Hours)**

75. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

78. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

79. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

**(New York Labor Law – Wage Theft Prevention Act)**

80. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

81. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

82. Defendants willfully violated Plaintiff's rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

83. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

84. Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiff is entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

85. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and post judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY

       December 3, 2021

Respectfully submitted,

/s/Vincent S. Wong
Vincent S. Wong, Esq. (VW9016)