```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SHAO CONG YU, individually and on                          :
behalf of all other employees similarly                    :
situated,                                                  :
                                                           :
                                                           :        21-CV-10339 (VSB)
                                     Plaintiff,            :
                                                           :                 ORDER
             -against-                                     :
                                                           :
OLLIES44 LLC d/b/a OLLIE'S TO GO et                        :
al.,                                                       :
                                                           :
                                     Defendants.           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Plaintiff filed this action on December 3, 2021, asserting claims under the Fair Labor Standards Act ("FLSA"). (Doc. 1.) On February 1, 2022, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. 15.) When a Plaintiff files a notice of voluntary dismissal "under Rule 41(a)(1)(A)"— whether "with prejudice" or "without prejudice"—a "district court" is to "inquir[e] as to the existence of any FLSA settlement." *Samake v. Thunder Lube, Inc.*, No. 21-102-cv, 2022 WL 244143, at *4–5 (2d Cir. Jan. 27, 2022). If so, a district court is to "engage in a *Cheeks* [*v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015)] fairness review," and if not, "the notice of dismissal should be so-ordered." *Id.*

Under *Cheeks*, the parties must satisfy this Court that any settlement they reached is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15cv3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). In order to determine whether a settlement is fair and reasonable under the FLSA, I must:

1

> consider the totality of circumstances, including but not limited to the following [5] factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Beckert v. Rubinov*, No. 15 Civ.1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). And, if the settlement agreement includes a provision for attorney's fees, I must "separately assess the reasonableness of plaintiffs, attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d '362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorney's fees] award." *Beckert*, 2015 WL 6503832, at *2.

Therefore, it is hereby:

ORDERED that within 21 days of this Order, the parties must file a letter stating whether there has been any settlement in this action. In other words, the parties must inform me whether the Plaintiff or his counsel received any consideration for dismissing this action.

If the parties settled Plaintiff's claims, then the parties must provide this Court with the terms of the settlement in order to ensure that, in compliance with the FLSA, they are fair and reflect a reasonable compromise of disputed issues. To that end, the parties must explain in their letter, in no more than five pages, why they believe the settlement reflects a fair and reasonable compromise of disputed issues. The parties should include, but need not limit themselves to, information concerning the five (5) factors identified in *Beckert*. If the agreement includes a provision for attorney's fees, the parties must also submit evidence providing a factual basis for the amount of attorney's fees. Such basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."

*Lopez v. Nights of Cabiria*, *LLC*, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *7 (S.D.N.Y. March 30, 2015).

If the parties did not settle Plaintiffs claims, then their letter must explain why Plaintiff chose to file a notice of voluntary dismissal without prejudice after choosing to commence this action.

SO ORDERED.

Dated: February 3, 2022
       New York, New York

*[signature]*

Vernon S. Broderick
United States District Judge